Utilities Comm. v. Manufacturing Co.

STATE OF NORTH CAROLINA ᴇx ʀᴇʟ. UTILITIES COMMISSION ᴀɴᴅ DUKE POWER COMPANY v. HUNT MANUFACTURING COMPANY, INC.

No. 7210UC688

(Filed 25 October 1972)

1. Utilities Commission § 4— municipality as primary supplier of electricity — direct service to businesses by secondary supplier — authority of Utilities Commission

A power company which was a "secondary supplier" of electricity within a municipality, the "primary supplier," was authorized to continue selling electricity directly to seven businesses within the municipality which it served prior to and continuously since 20 April 1965, and the Utilities Commission was without authority to order the municipality to cease serving a manufacturer within its corporate limits, to order the power company to cease selling electricity to the seven businesses within the municipality, or to order the power company to charge the seven businesses the same rates for electricity as the manufacturer pays the municipality. G.S. 160A-332; G.S. 160A-334; G.S. 62-3(23).

2. Utilities Commission § 4— electricity — direct service by secondary supplier — statutory authority — unreasonable advantage

The fact that a power company which is a "secondary supplier" directly serves seven customers within a municipality pursuant to the provisions of G.S. 160A-332 but does not directly serve other customers within the municipality does not constitute an "unreasonable preference or advantage" within the meaning of G.S. 62-140.

Aᴘᴘᴇᴀʟ by Hunt Manufacturing Company, Inc., from an order of the North Carolina Utilities Commission dated 1 May 1972.

On 15 October 1971 Hunt Manufacturing Company, Inc., (Hunt, also referred to as complainant) filed a complaint for relief against Duke Power Company. Hunt is a corporation engaged in the business of manufacturing with a principal place of business in Statesville, North Carolina. Hunt purchases electric power from the City of Statesville, which, in turn, purchases power at wholesale rates from Duke Power Company. The City of Statesville retails the power to customers such as Hunt at a rate which provides a profit to the city. By virtue of G.S. 160A-332, Duke Power Company sells electric power directly to seven other manufacturing businesses within the corporate limits of Statesville at rates less than those paid by Hunt to the City of Statesville.

Complainant alleged that the profit from the sale of electric power by Statesville becomes a part of the revenues of the city, and affects the ad valorem tax imposed upon real and personal property. Hunt further alleged that the rate difference was unreasonably discriminatory; and, to the extent the other seven businesses buy directly from Duke Power at reduced rates, complainant is carrying a disproportionate share of the cost of governing the city.

Hunt prayed that Duke Power Company be required to stop selling electricity to the other seven manufacturers in Statesville; or be required to cease its practices which result in maintaining unreasonable rate differences between Hunt and the seven other manufacturers in Statesville; or be required to provide the same electrical service to Hunt as the other seven receive.

On 20 March 1972 Duke Power Company filed a motion to dismiss the proceedings on the grounds that the Commission did not have jurisdiction, or, in the alternative, that complainant had failed to state a claim upon which relief could be granted. After a hearing on the motion, the Commission issued an order on 1 May 1972 dismissing the complaint. In its order, the Commission found that Hunt had not alleged any acts of discrimination contemplated by the provisions of G.S. 62-140; and that the Commission was without authority or jurisdiction to order Statesville to cease serving Hunt, or to order Duke to serve Hunt at its present premises. Complainant appealed.

*Pope, McMillan & Bender, by William P. Pope and W. H. McMillan for Hunt Manufacturing Company, Inc.*

*Edward B. Hipp and William E. Anderson for North Carolina Utilities Commission.*

*William H. Grigg, William I. Ward, Jr. and George W. Ferguson, Jr. for Duke Power Company.*

BROCK, Judge.

Complainant assigns as error the Utility Commission's 1 May 1972 order dismissing the complaint.

The parties have admitted the following facts in their pleadings: The City of Statesville is a "primary supplier" of

electric service within the purview of G.S. 160A-331 *et seq.*, maintaining an electric distribution system within its corporate limits; Duke Power Company is a "secondary supplier" of electric service within the purview of G.S. 160A-331 *et seq.*, operating within the corporate limits of Statesville; the City of Statesville presently furnishes electric service to complainant, which operates a manufacturing facility within the corporate limits of the city; Duke Power presently furnishes electric service to a total of seven customers (Duke customers) within the corporate limits of Statesville; all the Duke customers are located within the corporate limits of the city, as such limits existed on 20 April 1965, and all have been continuously furnished electric service by Duke since that date, and for many years prior to that date.

[1]   G.S. 160A-332(a)(7), concerning electric service within city limits, prohibits "secondary suppliers" from furnishing electric service inside the corporate limits of a municipality as such limits existed on 20 April 1965, unless it first obtains the written consent of the city and the primary supplier. This section enumerates certain exceptions to this prohibition [G.S. 160A-332(a)(1), (2), (3), (5), (6)].

G.S. 160A-332(a)(1) provides: "The secondary supplier shall have the right to serve all premises being served by it, or to which any of its facilities are attached, on the determination date." The "determination date" with respect to areas within the corporate limits of any city is set by G.S. 160A-331(1) as 20 April 1965. The clear language of G.S. 160A-332 expressly grants Duke Power the right to continue furnishing electric power to the seven Duke customers within the Statesville corporate limits, which it had served prior to, and continuously since, the 20 April 1965 determination date. None of the exceptions to the statutory prohibition, however, apply to Hunt.

The provisions of G.S. 160A-332 both authorize Duke to continue service to the seven Duke customers, and require the written consent of the City of Statesville before Duke may serve a post-determination-date customer (as Hunt) within the corporate limits. G.S. 160A-334 does not confer on the Commission any additional jurisdiction in this situation. Section 1 of that statute applies only to primary suppliers within the jurisdiction of the Utilities Commission. Municipal corporations, as Statesville, are specifically excluded from the definition of a

"public utility" in G.S. 62-3(23): "Consequently, a municipal corporation distributing and selling electric energy to its inhabitants . . . is not subject to regulation by the North Carolina Utilities Commission, and the provisions of Chapter 62 of the General Statutes do not apply to it . . . . " *Dale v. Morganton,* 270 N.C. 567, 155 S.E. 2d 136. Section 2 of G.S. 160A-334, by its terms, is not applicable in this case.

[2] It would be anomalous for this court to say Duke Power is guilty of discrimination, in violation of G.S. 62-140, for not serving Hunt, and, at the same time, to recognize that G.S. 160A-332 clearly prohibits Duke from serving Hunt without the written permission of the City of Statesville. The fact that Duke Power serves the seven Duke customers within the corporate limits of Statesville, and does not serve Hunt, pursuant to the express provisions of G.S. 160A-332, is not an "unreasonable preference or advantage" contemplated by G.S. 62-140.

The Commission was without authority to order Statesville to cease serving Hunt, or to order Duke to serve Hunt at its present premises, or to order Duke to increase its rates to its seven customers in Statesville over rates charged for the same service outside of Statesville. Since complainant failed to allege facts upon which the relief prayed for could be granted, the complaint was properly dismissed.

The complainant additionally assigns as error the failure of the Commission to allow the motion to strike part of Duke Power's Further Answer. While parts of the Further Answer may have stated conclusions rather than allegations, the complainant has failed to show how the failure to allow its motion to strike was prejudicial to it in the Commission's consideration of its complaint.

Affirmed.

Chief Judge MALLARD and Judge BRITT concur.